UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number:** 08-157 (ESH) |
| | : | |
| | : | |
| **v.** | : | **Count One:** |
| | : | **18 U.S.C. § 371** |
| | : | **(Conspiracy)** |
| **JOHN CARLTON ALBAUGH,** | : | |
| | : | |
| **Defendant.** | : | |

**FILED**

JUN 0 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLEA AGREEMENT

The United States of America and John Carlton Albaugh (hereinafter referred to as the "defendant") enter into the following agreement:

### Charges and Statutory Penalties

1. The defendant agrees to plead guilty to Count One, Conspiracy, in violation of Title 18, United States Code, Section 371, of the Information.

2. The defendant understands that Count One has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a. First, the defendant entered into an agreement with at least one other person to commit a specific offense;

   b. Second, the defendant knowingly participated in the conspiracy with the intent to commit the offense; and,

   c. Third, at least one overt act was committed in furtherance of the conspiracy.

3. The defendant understands that pursuant to 18 U.S.C. § 371 Count One carries a maximum sentence of five years of imprisonment, a maximum fine of $250,000 or not

more than the greater of twice the gross gain or twice the gross loss, a mandatory special assessment of $100, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

## Factual Stipulations

4.     The defendant agrees that the attached "Factual Basis for Plea" (Attachment A) fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Factual Basis for Plea.

## Sentencing

5.     The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is

2

permitted to tailor the ultimate sentence in light of other statutory concerns, and such

sentence may be either more severe or less severe than the Sentencing Guidelines'

advisory sentence.  Knowing these facts, the defendant understands and acknowledges

that the court has the authority to impose any sentence within and up to the statutory

maximum authorized by law for the offense(s) identified in paragraph 1 and that the

defendant may not withdraw the plea solely as a result of the sentence imposed.

6.    The Public Integrity Section and the Fraud Section, Criminal Division, United States

Department of Justice (hereinafter "the United States") reserve the right to inform the

court and the probation office of all facts pertinent to the sentencing process, including all

relevant information concerning the offenses committed, whether charged or not, as well

as concerning the defendant and the defendant's background.  Subject only to the express

terms of any agreed-upon sentencing recommendations contained in this agreement, the

United States further reserves the right to make any recommendation as to the quality and

quantity of punishment.

7.    The defendant is aware that any estimate of the probable sentence or the probable

sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines

that the defendant may have received from any source is only a prediction and not a

promise, and is not binding on the United States, the probation office, or the court, except

as expressly provided in this plea agreement.

**Sentencing Guidelines Stipulations**

8.    The Defendant understands that the sentence in this case will be determined by the Court,

pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the

3

guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2003 (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a.    Offense Level Under the Guidelines:

The parties agree to recommend that the base offense level applicable to the defendant's offense conduct is level 10 based on U.S.S.G. § 2C1.7. The parties agree that an eight-level upward adjustment applies for an offense involving an official holding a high-level decision-making or sensitive position (resulting in a total offense level of 18). The parties agree that this adjustment applies because it is greater than any adjustment which might otherwise have been applied based on the value of things obtained by the defendant as part of the conspiracy, based on U.S.S.G. §§ 2C1.7 and 2B1.1.

b.    Acceptance of Responsibility:

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

i.    fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

ii.    challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

iii.    denies involvement in the offense;

iv.    gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

v.    fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi.    obstructs or attempts to obstruct justice, prior to sentencing;

vii.    has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii.    fails to appear in court as required;

ix.    after signing this Plea Agreement, engages in additional criminal conduct; or

x.    attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen or greater, the United States agrees that an additional one-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the expected applicable *Guidelines Offense Level* is 15.

c.    <u>Criminal History Category</u>

Based upon information now available to the United States (including representations by the defense), defendant has no prior criminal history.

In accordance with the above, the defendant's Criminal History Category is Category I.

d.    <u>Applicable Guidelines Range</u>

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 18 to 24 months (the "Stipulated Guidelines Range"). In addition, the parties agree, should the Court impose a fine, at Guidelines level 15, the applicable fine range is $4,000 to $40,000. The United States agrees to recommend a fine at the low end of the Sentencing Guidelines range, not to exceed the value of things received by the defendant as part of the conduct subject to this plea agreement.

9.    The parties agree that, based on information known at the time of this agreement, neither a downward nor an upward departure from the Sentencing Guidelines Range set forth above is warranted. However, if the defendant identifies a departure on which he has a good faith legal basis under the Sentencing Guidelines at the time of sentencing, he is free to argue for such departure. The United States is free to oppose any such proposed departure

**Substantial Assistance**

10.    The defendant agrees to cooperate fully with the United States by:

a.    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United

States, whether in interviews, before a grand jury, or at any trial or other court proceeding;

b.    appearing at such grand jury proceedings, hearings, trials, depositions, and other judicial proceedings, and at meetings, as may be required by the United States;

c.    if requested by the United States, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents; and,

d.    waiving any right to a prompt sentencing and joining in any requests by the United States to postpone the defendant's sentencing until the defendant's cooperation is complete. The defendant understands that the date of sentencing is within the sole discretion of the court, and that this agreement may require the defendant to cooperate even after the defendant has been sentenced. The defendant's failure to cooperate pursuant to the terms of this Agreement after sentence has been imposed shall constitute a breach of this Agreement.

11.    The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from

*the advisory sentence* calculated under the Sentencing Guidelines, the United States may make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines at or prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file any such motion(s) and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of the United States' filing of any such motion is concerned.

12.     The defendant understands and acknowledges that the Court is under no obligation to grant the Section 5K1.1 or Rule 35 motions referenced above should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

**Agreement as to Sentencing Allocution**

13.     The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, although not binding on the probation office or the court, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above.

## Court Not Bound by the Plea Agreement

14.    It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

## Appeal Waiver

15.    The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by the United States in this Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any

other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. §3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a).

16.    The defendant further understands that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

17.    The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the District of Columbia Circuit or Supreme Court cases decided after the date of this Agreement that are held by the United States Court of Appeals for the District of Columbia Circuit or Supreme Court to have retroactive effect.

**Restitution**

18.    In addition to the other penalties provided by law, the Court may also order the defendant to make restitution.

**Release/Detention**

19.    The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty.  Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions or release or move to revoke the defendant's release.

**Breach of Agreement**

20.    The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.  In the event of such a breach:  (a) the United States will be free from its obligations under the Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant,

including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including the defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

21.    The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

22.    The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

23.    Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

24.     It is further agreed that should any conviction following the defendant's plea of guilty

pursuant to this Agreement be vacated for any reason, then any prosecution that is not

time-barred by the applicable statute of limitations on the date of the signing of this

Agreement (including any counts that the United States has agreed not to prosecute) may

be commenced against the defendant, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement or

reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses

based on the statute of limitations with respect to any prosecution that is not time-barred

on the date that this Agreement is signed.

**Non-Prosecution Agreement**

25.     If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the

terms and conditions of this agreement, the United States agrees it will not further

prosecute the defendant for crimes related to those described in the Factual Basis

[Attachment A] or disclosed by the defendant in debriefing sessions or document

productions provided by the defendant to the United States on or before June 11, 2008 or

one day following completion of such document production.  Nothing in this agreement is

intended to provide any limitation of liability arising out of any act of violence.

26.     The defendant understands that the United States will offer to enter into a non-

prosecution agreement with any immediate family member of Defendant whose

cooperation is required in this investigation, in exchange for that individual's full and

complete cooperation, pursuant to which the United States will agree not to charge that

individual with any offenses arising from facts disclosed at his or her interview(s) with the United States, with the exception of perjury or false statements, if applicable. However, nothing in this agreement is intended to provide that individual with any limitation of liability arising out of any acts of violence.

## Complete Agreement

27.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the United States.

28.    The defendant further understands that this Agreement is binding only upon the Public Integrity and Fraud Sections, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state or local prosecutor. The United States is presently unaware of any other state, local, or federal investigations involving Defendant, other than the instant proceeding. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

29.    If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by the defendant and by you or other defense counsel.

Dated: 5/27/08

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

MATTHEW L. STENNES
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice

NATHANIEL B. EDMONDS
Senior Trial Attorney
Fraud Section
Criminal Division
U.S. Department of Justice

## DEFENDANT'S ACCEPTANCE

I have read this document in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

Dated: MAY 24, 2008

_____
JOHN CARLTON ALBAUGH
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Dated: 5 | 27 | 08

_____
JEFFREY S. JACOBOVITZ
Schiff Hardin LLP
Counsel for Defendant

16